By the Court.
No question of fact is before us. The question of the guilt or innocence of the *281 defendant in error upon the facts of the case was determined by the courts below, and the only question here is a question of law.
The court of appeals in reversing the case had before it the claimed error that the verdict was contrary to the weight of the evidence, but they did not reverse upon that ground. They did, however, reverse on the sole ground “that there was not any evidence offered which corroborated or tended to corroborate the testimony of the accomplice, M. H.”
This brings us to the vital questions in the case:
1. Under the established law of Ohio is any corroborating evidence essential to a verdict of guilty?
2. If so, does the record disclose such corroborative evidence?
One of the earliest and best considered cases definitely declaring the rule of law with reference to the testimony of accomplices is that of Allen v. State, 10 Ohio St., 288. The court at that time was composed of such eminent judges as Brinkerhoff, Scott, Sutliff, Peck and-Gholson, and they all concurred in the syllabus and judgment.
The fifth paragraph of the syllabus reads:
“While it is the duty of the court, in their discretion, to advise the jury not to convict of felony upon the testimony of an accomplice alone, without corroboration, there is no rule of law preventing a jury from convicting upon the uncorroborated testimony of an accomplice.”
This doctrine is cited with approval in State v. *282 Robinson, 83 Ohio St., 136. It is sound and salutary law.
The jury in the instant case were so instructed. They did convict. Under this doctrine it is immaterial as to whether there was or was not corroborating evidence. But the record does disclose corroborating evidence, particularly that of Frank W. Wood, and for aught that we may know there may have been further corroborating evidence in the appearance, manner and conduct of the accused himself upon the witness stand.
The reason assigned by the court for the reversal of the judgment is contrary to what has been the established law of Ohio in criminal procedure for more than a half century.
We find no error in the record to support the judgment of the court of appeals.
The judgment of the court of appeals is, therefore, reversed, and the judgment of the court of ' common pleas affirmed.

Judgment reversed.

Wanamakek, Newman, Jones, Matthias and Johnson, JJ., concur.
Nichols, C. J., dissents from the judgment.